# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

RIGOBERTO RODRIGUEZ,

    Petitioner,

v.                                                                                         No. CV 21-1102 MV/CG

ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO,

    Respondent.

## ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

**THIS MATTER** is before the Court on Plaintiff Rigoberto Rodriguez's *Motion for the Appointment of Counsel* (the "Motion"), (Doc. 8), filed April 18, 2022; and Respondent's *Response in Opposition to the Pro Se Petitioner Rigoberto Rodriguez's Motion for the Appointment of Counsel*, (Doc. 9), filed April 27, 2022. Plaintiff has filed no reply, and the time for doing so has now passed. *See* D.N.M.LR-Civ. 7.4(a) ("A reply must be served and filed within fourteen (14) calendar days after service of the response."). The Court, having considered the Motion, the parties' briefing, and the law, finds that the Motion shall be **DENIED**.

Mr. Rodriguez, in his Motion, contends that he needs legal representation "to effectively raise and present material issues of fact and caselaw to support" his claims "due to the complexity of the issues raised." (Doc. 8 at 1). Mr. Rodriguez indicates he is "without the necessary means" to obtain an attorney and asks that the Court appoint him one. *Id.* at 2. Respondent, in turn, argues that Mr. Rodriguez "has not raised particularly complex issues" and that he has "clearly set forth his grounds for relief, then backed up those legal claims with easily[-]understood supporting facts." (Doc. 9 at 2).

There is no right to appointment of counsel in a civil case. *See Beaudry v. Corrections Corp. of America,* 331 F.3d 1164, 1169 (10th Cir. 2003); *MacCuish v. United States,* 844 F.2d 733, 735 (10th Cir. 1988). Instead, the decision whether to request assistance of counsel in a habeas case rests in the sound discretion of the Court. *See Swazo v. Wyoming Dep't of Corr. State Penitentiary Warden,* 23 F.3d 332, 333 (10th Cir. 1994); *United States v. Schneider*, 559 F. App'x 770, 772 (10th Cir. 2014). In determining whether to appoint counsel, the district court should consider (1) the merits of the litigant's claims, (2) the nature and complexity of the factual and legal issues, and (3) the litigant's ability to investigate the facts and to present his claims. *Hill v. SmithKline Beecham Corp.,* 393 F.3d 1111, 1115 (10th Cir. 2004).

The Court has reviewed the complaint and subsequent filings in light of the foregoing factors. As to the merits of Mr. Rodriguez's claims, the Court does not find Mr. Rodriguez has shown he is likely to prevail on the merits to such an extent as to warrant appointment of counsel. *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985) ("The burden is upon the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."). As to the nature and complexity of the factual and legal issues, the Court finds that Mr. Rodriguez has alleged relatively straightforward claims of confrontation clause violations, ineffective assistance of counsel, and insufficient evidence. *See* (Doc. 1 at 9, 11-12); *Jacobs v. Lucero-Ortega,* 1:17-cv-774 JCH/KRS, 2017 WL 5634118, at *2 (D.N.M. Nov. 22, 2017) (denying habeas petitioner's motion for appointment of counsel where legal claims were "neither novel nor complex").

Finally, as to Mr. Rodriguez's ability to investigate the facts and to present his claims, he appears to understand the issues in the case and to be representing himself in an intelligent and capable manner. *See Hill,* 393 F.3d at 1115; *Lucero v. Gunter*, 52 F.3d 874, 878 (10th Cir. 1995). Accordingly, Mr. Rodriguez's *Motion for Appointment of Counsel*, (Doc. 8), shall be **DENIED**.

**IT IS THEREFORE ORDERED** that Mr. Rodriguez's *Motion for the Appointment of Counsel*, (Doc. 8), shall be **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE